ARBONA HERMANOS TRADING, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. R-63-117. Decided October 23, 1964.

82

*Joaquín Lago Padín* for appellant. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras,* and *Irene Curbelo, Assistant Solicitors General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: The Secretary of the Treasury notified Arbona Hermanos Trading of tax deficiencies for the years 1951 through 1955 in adjusting items for salaries, bad debts,

and depreciation. The case having been heard, the trial court rendered judgment on November 6, 1962 fixing the amount for each item for each year involved and ordered the filing of the computation. The computation was filed on December 4, 1962 and on that date the taxpayer filed a motion in which it stated that during those years it had leased to tax-exempt industrial enterprises, a building which produced rent, and it requested the court to take into consideration the tax exemption on said rent in making the computations. To that motion it attached a letter from the Department of the Treasury, which reveals that for the purpose of the property tax on said building, the taxpayer was granted exemption because it was leased to tax-exempt industrial enterprises as verified by the Department of the Treasury. Actually, it appears from the taxpayers' returns from 1951 to 1955 that it included as part of its taxable income the rent paid by said entities.

The Secretary opposed that petition, and without the question having been decided, the taxpayer filed another motion on March 4, 1963 to set aside the judgment under Rule 49 so that it could allege said exemption. The court entered an order refusing to consider the exemption within the incident of the computation and also denied the motion to set aside the judgment. The decision on the merits is not argued in this appeal.

 Act No. 203 of May 3, 1951 declared tax exempt all property built after February 14, 1949 which would be rented to a tax-exempt industry. It likewise declared tax exempt the compensation received by a person for the lease, use, or usufruct of the property utilized by such tax-exempt industry. Unquestionably, at the hearing for the computation it was not proper to adjudicate the taxpayer's claim as a result of this exemption, foreign to the items being discussed. *Buscaglia, Treas.* v. *Tax Court,* 67 P.R.R. 12 (1947).

■ It is true that the taxpayer included in his income the rents paid by said tax-exempt industrial entities as verified by the Department of the Treasury. But the refusal of the trial court to set aside the judgment must be upheld because it was a question of a claim of an exemption granted by law, and not of a fact which was part of the controversy. The previous administrative determination was required, since the elimination of said income could result in the readjustment of other aspects of the return. For example, § 24 of the Income Tax Act of 1954 does not allow deductions, otherwise admissible, in connection with an exempt income.

■ The judgment and the order appealed from will be affirmed. The tax fixed for said years having been paid on April 23, 1953, this decision does not prejudge or preclude the taxpayer from his right to request the Secretary of the Treasury, pursuant to the provisions of § 322 *et seq.* of the Act, to reimburse that part of the tax already paid corresponding to the exempt income, nor does it prevent the Secretary from granting such reimbursement as provided by the law.